**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 21-cv-02992 |
| v. | ) ) | Judge |
| H. BROOKS AND COMPANY LLC a Minnesota limited liability company, | ) ) ) | Magistrate Judge |
| *Defendant.* | ) ) | |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, one of the Pension Fund's present trustees, allege as follows:

**JURISDICTION AND VENUE**

1.      This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and is a suit to recover employer contributions, interest and other amounts owed to the Pension Fund by Defendant.

2.      This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.      Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement, which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4.     The Pension Fund is an employee benefit plan and trust, with its principal office located at 8647 W. Higgins Rd. in Chicago, Illinois.

5.     The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6.     Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Pension Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.     Defendant H. Brooks and Company LLC ("H. Brooks and Company") is a limited liability company organized under the laws of the State of Minnesota. H. Brooks and Company is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.     Teamsters Local Union No. 120 ("Local 120"), affiliated with the International Brotherhood of Teamsters, is a labor organization which represents, for the purpose of collective bargaining, certain employees of H. Brooks and Company and employees of other employers in industries affecting interstate commerce.

9.      During all relevant times, H. Brooks and Company and Local 120 have been parties to a collective bargaining agreement pursuant to which H. Brooks and Company has been required to make contributions to the Pension Fund on behalf of certain of its covered employees.

10.     H. Brooks and Company and Local 120 are also parties to a Participation Agreement which requires H. Brooks and Company to pay contributions to the Pension Fund on behalf of its covered employees.

11.     H. Brooks and Company agreed to be bound by the terms of the Pension Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12.     Under Article III, Section 1 of the Trust Agreement, H. Brooks and Company is required to "remit continuing and prompt Employer Contributions to the Trust Fund as required by the applicable collective bargaining agreement, participation agreement, this Agreement and/or other written agreement to which the Employer is a party, applicable law and all rules and requirements for participation by Employers in the Fund as established and interpreted by the Trustees in accordance with their authority ..."

13.     Article XIV, Section 4 of the Trust Agreement provides that:

Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). The prejudgment interest payable by an employer with respect to past due withdrawal liability shall be computed and charged to the Employer at an annualized interest rate equal to two

percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually. The interest rate after entry of a judgment against an employer for withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, and such interest shall be compounded annually.

14.     Paragraph 10 of the Participation Agreement provides that "If litigation is required to either obtain access to the Employer's records or to collect additional billings that result from the review of the records, all costs incurred by the Fun[d] in conducting the review shall be paid by the Employer and the Employer shall pay any attorneys' fees and costs incurred by the Fun[d]."

15.     Article XIV, Section 12 of the Trust Agreement provides: "An Employer shall be required to pay audit fees and audit costs if litigation is required to obtain access to any records that are requested in connection with an audit and/or if litigation is required to collect additional billings that result from the audit."

## STATUTORY AUTHORITY

16.     Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of--

      (i)     interest on the unpaid contributions, or

      (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

18.     The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

19.     Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any of the changes in the employment status of individuals covered by the collective bargaining agreement or Participation Agreements (i.e. layoffs, new

hires, terminations, etc.). The Pension Fund relies on these reports submitted by employers to prepare a monthly contributions bill that is sent to the employer. If no changes are reported by the employer, the Pension Fund assumes the same employees are still working and bills the employer accordingly.

20.     H. Brooks and Company has failed to pay its required monthly pension contributions totaling $300,144.00 based upon the employee work history H. Brooks and Company reported to the Pension Fund for the period of November 29, 2020 through April 24, 2021 which are currently past due (the "Delinquency"). Interest on the Delinquency pursuant to the Trust Agreement totals $4,497.8 through June 1, 2021 that has also not been paid and is past due.

21.     Additionally, although H. Brooks and Company has paid its required pension contributions for the period of August 30, 2020 through November 28, 2020 based upon the employee work history it reported to the Pension Fund, it failed to pay the August 30, 2020 through November 28, 2020 contributions on time, which resulted in interest charges on the August 30, 2020 through November 28, 2020 contributions totaling $1,482.25 that have also not been paid and are past due.

22.     The Pension Fund conducted an audit of H. Brooks and Company's records (the "Audit") for the period of December 27, 2015 through December 29, 2018 (the "Audited Period") to determine whether H. Brooks and Company had accurately reported the work history of its employees for the Audited Period. The Audit revealed that H. Brooks and Company failed to accurately report the work history of its employees and as a result, failed to pay all of the contributions and interest owed to the Pension Fund for the Audited Period. As a result, the Pension Fund determined that H. Brooks and Company owes additional contributions for the Audited Period totaling $265,097.20 which are past due (the "Audit Findings"). Interest continues to accrue

on the Audit Findings. As of June 1, 2021, interest has accrued on the Audit Findings in the total amount of $46,363.42 and is past due.

23.     H. Brooks and Company also owes past due contributions totaling $35,117.10 on behalf of the following individuals for the following periods: a) Jacob Robbs from October 14, 2018 through January 25, 2020; b) Branden Luethmers from September 1, 2019 through January 25, 2020; and c) Releigh Marble for the period of September 29, 2019 through January 25, 2020. Past due interest on these contributions totals $4,831.39 through June 1, 2021.

24.     Based upon the results of the Pension Fund's audit covering the Audited Period, the Pension Fund believes that there are additional past due contributions and interest owed by H. Brooks and Company for the period after December 29, 2018 in addition to the amounts alleged in paragraph 23 due to the misreporting of employee work history by H. Brooks and Company for the period after December 29, 2018. The amounts owed by H. Brooks and Company for the period after December 29, 2018 due to the misreporting of employee work history is not known by the Pension Fund and will not be known until an audit is performed.

25.     Under rules adopted pursuant to the Trust Agreement to which H. Brooks and Company is bound, participating employers are required to reimburse the Pension Fund for the costs associated with any employer check that is returned due to insufficient funds in the employer's account. H. Brooks and Company has also failed to reimburse the Pension Fund for certain returned checks tendered to the Pension Fund that were dishonored due to insufficient funds in H. Brooks and Company's bank account. The total costs incurred by the Pension Fund due to checks being returned for insufficient funds is $100.00.

26.     By failing to pay the contributions, interest and other amounts alleged in paragraphs 20 through 25, H. Brooks and Company has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement.

27.     Despite demands that H. Brooks and Company perform its statutory and contractual obligations with respect to making contributions to the Fund, H. Brooks and Company has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraphs 20 - 25.

28.     H. Brooks and Company owes the Pension Fund $657,633.20 for unpaid contributions and interest as a result of the conduct set forth in paragraph 20 – 23, and 25 and amounts that are currently not known as result of the conduct set forth in paragraph 24.

29.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides, "A civil action may be brought—"

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan. . .

30.     Pursuant to the collective bargaining agreement, the Participation Agreement, and the Trust Agreement, H. Brooks and Company is subject to an ongoing obligation to pay contributions to the Pension Fund, but has failed to pay its monthly obligation for the period of November 29, 2020 through April 24, 2021, and it failed to pay its contributions for the period from August 30, 2020 through November 28, 2020 on time.

31.     H. Brooks and Company has been delinquent in its contribution payments to the Pension Fund for multiple months and the Pension Fund believes H. Brooks and Company will continue to fail to fulfill its ongoing obligation to timely remit required contributions to the Fund for the period after April 24, 2021.

32.     The Fund believes that the failure of H. Brooks and Company to fulfill its ongoing obligation to timely remit monthly contributions to the Pension Fund is due to H. Brooks and Company's financial problems.

33.    H. Brooks and Company's next monthly contribution (for April 25, 2021 through May 29, 2021) is due on or before June 15, 2021 and is estimated by the Pension Fund to be approximately $72,670.00.

34.    The Fund has no adequate remedy at law to prevent the continued refusal of H. Brooks and Company to comply with the terms of the collective bargaining agreement, the Participation Agreements, and the Trust Agreement.

35.    Unless H. Brooks and Company is enjoined from failing to comply with its obligation to submit the required fringe benefit contributions, the Pension Fund will be irreparably harmed by H. Brooks and Company's non-payment because employer delinquencies such as the delinquency of H. Brooks and Company adversely affect the Pension Fund's ability to meet funding standards and negatively impacts the Pension Fund's financial integrity.

36.    In addition, H. Brooks and Company's continued delinquency will cause the Pension Fund to lose the benefit of interest income that it would otherwise earn and cause the Pension Fund to incur additional administrative expenses in connection with the detection and remedy of the delinquencies.

**WHEREFORE**, Plaintiffs request the following relief against Defendant:

(a)  An order to show cause why the Defendant should not be enjoined from violating the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Trust Agreement;

(b)    A preliminary injunction enjoining the Defendant from violating the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Trust Agreement and requiring the Defendant to timely remit its monthly contributions to the Pension Fund;

TM: 605053 / 21110060 / 6/4/2021

(c)     A permanent injunction enjoining the Defendant from violating the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Trust Agreement;

(d)     A judgment against H. Brooks and Company in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for

      (i)     all past due contributions and interest owed to the Pension Fund by H. Brooks and Company;

      (ii)     interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

      (iii)     an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

      (iv)     attorney's fees and costs; and

      (v)     audit fees and costs

(e)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually;

(f)     For such further or different relief as this Court may deem proper and just.

                Respectfully submitted,

                */s/ Kevin M. Kleine*

Kevin M. Kleine, Esq.
(ARDC #6333900)
Central States Funds
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631-2803
(847) 939-2574
kkleine@centralstatesfunds.org
*Attorney for Plaintiffs*

June 4, 2021